DANIEL. MANRIQUEZ #K-78581
IN PRO-SE
SHU-C-2-CELL #218-L
P.O. BOX-7500
CRESCENT.CITY. CA. 95531.

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL. MANRIQUEZ # K-78581         CASE NO. _____
            PLAINTIFF
    V.S
                                    MOTION & NOTICE OF MOTION FOR APPOINTMENT
JAMES TILTON et al...                  OF COUNSEL. 28 U.S.C. 1915(e)(1) *
          DEFENDANTS

TO: THE ABOVE ENTITLED COURT PLEASE TAKE NOTICE THAT PLAINTIFF IN PRO-SE WILL MOVE THIS COURT FOR AN ORDER-APPOINTING COUNSEL. THIS REQUEST IS BASED ON THE FOLLOWING REASONS (1) PLAINTIFF CANNOT AFFORD COUNSEL & HAS BEEN UNSUCCESSFUL IN FINDING COUNSEL TO REPRESENT HIM ON A PRO-BONO BASES (2) THE CLAIMS PRESENTED ARE COMPLEX THERE ARE MULTIPLE FACTUAL AND LEGAL ISSUES INVOLVED, INCLUDING PLAINTIFFS REQUEST THAT THE COURT RESOLVE QUESTIONS IT LEFT OPEN FOR ANOTHER TIME IN MADRID v. GOMEZ 889 F.SUPP. 1146 (N.D.CA 1995) (3) THE FACT THAT (A) PLAINTIFF IS IN THE SHU WITH NO ABILITY TO GATHER EVIDENCE DECLARATIONS & LOCATE WITNESSES (B) WITH LIMITTED LAW LIBRARY ACCESS (C) EXPERT TESTIMONY WILL BE NEED & (d) PLAINTIFF ALSO CHALLENGES HIS VALIDATION BASED ON CONFIDENTIAL INFORMATION - WHICH CAN ONLY BE DISCLOSED TO COUNSEL — THESE FACTS IN COMBINATION AFFECT PLAINTIFF ABILITY TO PROCEED WITH OUT APPOINTED COUNSEL — AND (4) THE ISSUES PRESENTED ARE "EXCEPTIONAL CIRCUMSTANCES" IN THAT ANY RULINGS ON THIS CASE CAN HAVE A MAJOR IMPACT ON ALL OR MOST VALIDATED SHU INMATES.

*. PRIOR TO RULING ON THIS MOTION PLAINTIFF REQUESTS THAT THE COURT FIRST READ THE COMPLAINT WHICH IS HEREBY REALLEGED & INCORPORATED AS FULLY SET FORTH HERETO.

1

the motion on the attached declaration & memorandum of points & authorities.
WHEREFOR plaintiff respectfully requests that this court grant this motion for appointment of counsel.

Dated 4-6-08

Respectfully submitted
Daniel Manriquez
In Pro-Se

## II

### Affidavite in support of motion for appointment of counsel

Daniel Manriquez declares as follows:

1. I am the plaintiff in the above entitled case, & am over 18 years of age

2. The complaint alleges in part, that I was segragated based on insufficient evidence - without notice, nor opportunity to present my views - simply because defendants did not want me on their yard - in retaliation for my jail house lawyering - in violation of the 1st and 14th amendment / liberty interests.

(A) While in Adseg defendants - used excessive force on me [a high powered chemical agent], by drenching me & my cell with the chemical, for a simple plastic tray - once they were given the tray defendant refused to timely remove me from the cell soly to prolong my pain. - Once they removed me from the cell they placed me back in it without decontaminating it - thus subjecting me dangerous/hazeardous living conditions - they then as punishment deprived me of lifes basic necessiti

(B) A few days later a defendant (c/o Holmes) assulted me while I was restrained as his supervisor watched & failed to take action - these officers then entered into a consipracy against me - and defendants covered up these acts of misconduct based on a code of silence.

(C) Defendants subsequently revalidated me - & ordered my segragation for six years to life in violation of due process - liberty interest & in breach of contract - because such action was based on insufficient - evidence which defendants knew was uncorroborated unreliable & false - Additionally I was not found to be a security threat nor currently active

3. I have written several lawyers and have not had any of them respond to my requests to accept my case - or to assist me - I am unable to afford counsel.

4. The case is complex because it involves numerous claims & multiple defendants. & I'm

2

Reraising two issues/claims left open - in Madrid:

(A) In <u>Madrid</u>, plaintiffs alleged that ICCs are held in rote fashion - because they never consider any ones release they are pretexts for solitary confinement. This court held that at <u>that time</u> [given that PBSP was fairly new] there was insufficient evidence to conclude that defendants do not consider inmates release nor that ICC is held in rote fashion. - I intend to establish based on 18 years since PBSP opened - & defendants own admissions - that they conceed that they cannot & will not consider releasing validated inmates at <u>any</u> committees.

This claim is meritorious - & yet because I am confined in the SHU, it affects my ability to gather all evidence, affidavits, statistical data - to effectively present & establish this claim.

(B) Because Pelican Bay SHU was fairly new - this court was also unable to conclude based on evidence gathered in three years whether the conditions in the SHU, threaten inmates mental & physical well being in violation of the 8th Amendment - although the court did find that such conditions may press the outer bounds of what most humans can phychologically tolerate <u>Madrid Supra</u>

I intend to establish that there is now sufficient evidence to establish that the conditions in the SHU can & do threaten inmates mental & physical well being - in the 13 years since <u>Madrid</u> - the mental health cases - created by SHU conditions has sky rocked - to the extent that a large portion of the SHU population are currently on phychotic medications[1] - the suicide & attempted suicide rates have also increast drastically - two weeks before the drafting of this motion another inmate hung himself after deteriorating in the SHU - the question now is how many more years have to pass & how many more inmates will have to loose their minds - and have to be on phych medication for life - or attempt/succeed in suicide - before this issue is revisited and it can be established that SHU conditions are cruel and unusual given they threaten inmates mental/physical well being[2] plaintiff neg

---

[1]. The problem is so rappedly increasing that Corcoran SHU officials - have almost filled up an entire facinty yard with inmates on phychoic medications - this is becoming a public concern - the Los Angeles Times in it's investigation called "A Necessary Evil?" Concluded "Pelican Bay houses [inmates] in the starkest isolation imaginable, but these 'supermax' units <u>are</u> turning inmates into <u>mental cases, and the asylum gate opens</u> right back onto our streets" (Exhibit A: Emphasis added)

[2]. Madrid did make many important changes, inmates must now by cleared by a phychiatrist prior to being sent into the SHU - phychs also pass through the pods periodically - however Madrid does not go far enough - the issue is not whether defendants house mentally ill prisoners in the SHU - but rather the issue is that the SHU <u>makes inmates mentally ill</u> and this is exemplifide by the fact that every inmate who is now on phych meds - or attempted/succeeded suicide, were all seen regularly & cleared by a phych prior to their SHU retention - and nevertheless the SHU deteriorated them to the point that they're now on phych meds - or have attempted or succeeded in committing suicide.

3

to gather evidence, statistical data, declarations, & expert testimony[3] in support of his claim - yet his confinement in the SHU affects substantially his ability to do so.

(c) Plaintiff is also challenging CDC' use of vague & overbroad policies used to segragate alleged associates, - this issue was sufficiently complex - that this district previously appointed counsel to represent another litigant in Castillo v. Alemeida C-94-2847 MJJ (N.D.Cal)[4] - notably I'm raising several claims which were raised in Castillo.

(d) I'm also challenging my validation based on confidential information - this places me at a substantial disadvantage - because defendants will <u>NOT</u> disclose the confidential information to me - this court must conduct an in camera hearing to assess the gang validation, <u>Renteria v. Gomez 1999 U.S. Dist. LEXIS 17934 (N.D.Cal. 1999)(J. Jenkins) Rojas v. Cambra 1997 U.S. Dist LEXIS 7610 (N.D Cal 1997)(J. Walker) Medina v. Gomez 1997 U.S. Dist LEXIS 12208 (N.D.Cal 1997)(J. Henderson)</u> - yet if I must remain pro-per - based on my incarseration - I cannot appear before the court to argue my positions, - having counsel analyze the evidence being used to hold me in segragation will benefit both myself & the court because ex parte hearings are generally disfavored <u>SEE e.g. U.S. v. Kenney 911 F.2d. 315, 321 (9th Cir 1990)</u>

(e) Plaintiff is also challenging the use of excessive force - the causes of action related to the cell extraction, - the defendants policies of retaining mail indefinately & invading his rights to privetly correspond with his girlfriend by sending plaintiffs letter to unintended persons & violations of his attorney client privilege[5] - again plaintiff needs to locate witnesses obtain declarations - based on his confinement his ability to do so is affected.

(5) Because I'm in SHU I have no ability to investigate the facts of this case - additionally my access to legal materials is limitted.

(6) As set forth in the memorandum of law - infra, these facts along with the legal merit

---

3. Which were gathered in the Madrid case - and as much related information which can be gathered since Madrid.
4. The issues identified in sec (A)-(C) ante renders this an exceptional case given the wide impact any ruling can have on thousands of prisoners.
5. Plaintiff is also alleging that defendants are still violating the Madrid injunctions - because they're covering up officer misconduct by refusing to process appeals or report incidents - additionally - they based their desision to segragate plaintiff based on an item the OCS <u>REJECTED</u> - moreover plaintiff was never found to be currently active prior to his SHU endorsement.

OF PLAINTIFFS CLAIMS SUPPORT APPOINTMENT OF COUNSEL.

WHEREFORE PLAINTIFFS MOTION SHOULD BE GRANTED.

I DANIEL MANRIQUEZ DECLAIR UNDER THE PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT & TO THE BEST OF MY KNOWLAGE

DATED 4-6-08

RESPECTFULLY SUBMITTED

DANIEL. MANRIQUEZ IN pro-se

### III

### MEMORANDUM OF POINTS & AUTHORITIES- ARGUMENT
### THE COURT SHOULD APPOINT COUNSEL

IN DETERMINING WHETHER TO APPOINT COUNSEL COURTS CONSIDER(1) PLAINTIFFS ABILITY TO PRESENT THE CASE (2) THE COMPLEXITY OF LEGAL ISSUES (3) NECESSITY OF FACTUAL INVESTIGATION & INABILITY TO INVESTIGATE (4) INABILITY TO RETAIN COUNSEL (5) THE NECESSITY OF EXPERT TESTIMONY. Montgomery V. Pinchak 294 F.3d 492, 499-500 (3R Cir 2002) Additionally THE MERITS & EXCEPTIONAL CIRCUMSTANCES ARE CONSIDERED Agyeman V. Cor. Corp Amp. 309 F.3d 1101-04 (9TH Cir 2004)

1. PLAINTIFF IS CONFINED IN THE SHU WITH VERY LIMITED ACCESS TO LEGAL MATIRIALS - INVESTIGATIONS INTO OFFICER MISCONDUCT - & INVESTIGATIONS ON SUICIDES - PLUS THE BASES OF PLAINTIFFS VALIDATION ARE CONFIDENTIAL - PLAINTIFF CANNOT PARTICIPATE IN THE INCAMERA INSPECTION OF THESE FILES WHICH SUBSTANTIALLY AFFECTS HIS ABILITY TO PRESENT HIS CASE.

2. PLAINTIFF HAS ALLEGED 61 CAUSES OF ACTION THE SHEER NUMBER OF DEFENDANTS - AND CLAIMS - AND DETERMINING WHO IS MORE CULPABLE MAKES THIS CASE FACTUALLY & LEGALLY COMPLEX - ADDITIONALLY PLAINTIFFS REQUEST FOR JURY TRIAL REQUIRES GRATER LEGAL SKILL THAN HE COULD MARSHAL OUT Abdullah V. Gunter 449 F.2d. 1032, 1036 (8TH Cir 1991)

3. PLAINTIFF IS HOUSED IN THE SHU & HAS NO ABILITY TO INVESTIGATE HE IS UNABLE TO IDENTIFY AND LOCATE ALL INMATES WHO HEARD HOLMES ASSULT PLAINTIFF NOR THE INMATES WHO WITNESSED THE CELL EXTRACTION & PLAINTIFFS LIVING CONDITIONS, GIVEN THAT PLAINTIFF WAS ALSO TRANSFERED WHICH SUPPORT COUNSELS APPOINTMENT Tucker V. Randall 948 F.2d 388, 391-92 (7TH Cir 1991) IN ADDITION THIS CASE WILL REQUIRE DISCOVERY CONCERNING THE IDENTIFICATION OF WITNESSES THE OFFICERS REPORTS & STATEMENTS AND HISTORY OF MISUSE OF FORCE WHICH SUPPORTS

5

APPOINTMENT OF COUNSEL. TUCKER V. DICKEY 613 F.SUPP. 1124, 1133-34 (WIS 1985) MOREOVER PLAINTIFF NEEDS TO OBTAIN ALL INFORMATION, DECLARATIONS EVIDENCE RELATIVE TO THE ROTE COMMITTEES REFUSAL TO CONSIDER "SHU INMATES" RELEASE - & ALL EVIDENCE DEVELOPED DURING & AFTER MADRID, DEALING WITH THE MENTAL & PHYSICAL EFFECTS THAT THE SHU HAS ON INMATES. PLAINTIFF IS INDIGENT & HAS NO ABILITY TO RETAIN COUNSEL YET WITHOUT COUNSEL THE GATHERING OF ALL SAID, RELEVANT INFORMATION IS ALMOST IMPOSSIBLE.

4. PLAINTIFF WILL ALSO NEED EXPERTS TO TESTIFY AS TO THE EFFECT THAT SHU CONDITIONS HAVE ON INMATES MENTAL & PHYSICAL WELL BEING, THE RELIABILITY OF THE EVIDENCE BEING USED TO HOUSE PLAINTIFF IN SUCH CONDITIONS, AND AS TO HOW MUCH AFFECT/PAIN IS CAUSED BY THE CHEMICAL AGENT WHEN APPLIED ON A PERSON - OR WHEN A PERSON HAS TO LIVE IN A CELL DRENCHED IN IT FOR TEN DAYS.

5. THE CASE NOT ONLY HAS MERIT BUT IS ALSO EXCEPTIONAL AS ANY RULING WILL IMPACT THE ENTIRE VALIDATED SHU POPULATION - GIVEN THAT THE REFUSAL TO CONSIDER INMATES SHU RELEASE - & ROTE RUBBERSTAMP COMMITTEES, ESTABLISH A DUE PROCESS & LIBERTY INTEREST VIOLATION. CCR 3335, 3336, 3339, 3341.5(c)(2)(A)(1)(2); 3341.5(c)(3) HEWITT V. HELMS 459 U.S. 460 (1989); TOUSSAINT V. MCCARTHY 801 F.3d 1080 (9TH CIR 1986) - THE RENDERING OF A DECISION TO DENY SHU RELEASE BEFORE PLAINTIFF ET AL. ENTERS ICC OR BEFORE ICC CONSIDERS HIS VIEWS/EVIDENCE - ESTABLISHES A DUE PROCESS VIOLATION WOLFF V. MCDONNELL 418 U.S. 539 (1974) - THE EXPOSURE OF CONDITIONS WHICH CAN THREATEN AN INMATES MENTAL & PHYSICAL HEALTH ESTABLISHES AN 8TH AMENDMENT VIOLATION. HELLING V. MCKINNEY 509 U.S. 25 (1993) - THE SENTENCING OF INMATES TO SIX YEARS TO LIFE IN THE SHU FOR THE CONDUCT OF ASSOCIATION/MEMBERSHIP - WITHOUT PROVIDING EQUAL DUE PROCESS PROTECTIONS AFFORDED TO SIMILARLY SITUATED INMATES FOR WORSE CONDUCT ESTABLISHES AN EQUAL PROTECTION VIOLATION LEE V. WASHINGTON 390 U.S. 333-34 (1968) THE SEGREGATION OF INMATES BASED ON POLICIES WHICH GIVE NO NOTICE OF WRONG DOING - WHICH DEFENDANTS ADMIT ARE VAGUE - ESTABLISHES A DUE PROCESS VIOLATION RIOS V. LANE 812 F.2d 1032-38 (11TH CIR 1987) THE SEGREGATION BASED ON RETALIATION & INSUFFICIENT EVIDENCE ESTABLISHES A 1ST AND 14TH AMENDS VIOLATION; SUPERINTENDANT V. HILL 472 U.S. 445 (1985); RIZZO V. DAWSON 778 F.2d 527 (9TH CIR 1985) - THE USE OF A CHEMICAL AGENT TO RETRIEVE A PLASTIC TRAY - THE UNNECESSARILY PROLONGING PAIN - DEPRIVATION OF LIFES BASIC NECESSITYS AND ASSULT BY CORRECTIONAL OFFICER - ESTABLISHES AN 8TH AMENDS VIOLATION MADRID SUPRA, HUDSON V. MCMILLIAN 112 SCT. 995 (1992); WILSON V. SEITER 501 U.S. 294 (1991).

THESE ARE BUT A FEW OF MANY OF PLAINTIFFS MERITORIOUS CLAIMS - WHEREFORE PLAINTIFF REQUESTS THAT THE COURT APPOINT COUNSEL IN THIS CASE

RESPECTFULLY SUBMITTED

DATED 4-6-08

6

DANIEL MARTINEZ
IN PRO SE

PROOF OF SERVICE BY MAIL

(C.C.P. Section 101a #2105.5, 20 U.S.C. 1746)

I, **DANiel MANRIQUEZ**, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the **14th** day of **April**, in the year of 20**08**, I served the following documents: (set forth the exact title of documents served)

**MOTION FOR APPOINTMENT OF COUNSEL**

on the party(s) listed below by placing a true copy(s) of said document(s) enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

(stamp overlay: PELICAN BAY STATE PRISON SECURITY HOUSING UNIT)

**Northern District Court**      UNIT C-2
**U.S. District Court**

I declare under penalty of perjury that the foregoing is true and correct.

Dated this **14TH** day of **April**, 20**08**.

Signed: _____
(Declarant Signature)

Rev. 12/06